**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Leobardo Ortega**,<br><br>            Plaintiff,<br><br>vs.<br><br>**Mama Por Dios Scottsdale Inc.**, an Arizona corporation, and **Ramon Misael Guerrero and Jane Doe Guerrero**, a married couple,<br><br>            Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Leobardo Ortega ("Plaintiff" or "Leobardo Ortega"), sues the Defendants, Mama Por Dios Scottsdale, Inc., and Ramon Misael Guerrero and Jane Doe Guerrero, (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.   This is an action for unpaid overtime and minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article

1 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Mama Por Dios Scottsdale Inc. is a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Mama Por Dios Scottsdale Inc.does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Premier Mama Por Dios Scottsdale Inc. owned and operated as "Mama Por Dios," a restaurant and bar located in Scottsdale, AZ.

10. Under the FLSA, Defendant Mama Por Dios Scottsdale Inc.is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Mama Por Dios Scottsdale Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to their employees, Defendant Mama Por Dios Scottsdale Inc.is subject to liability under the FLSA.

11. Defendants Ramon Misael Guerrero and Jane Doe Guerrero are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Ramon Misael Guerrero and Jane Doe Guerrero are owners of Mama Por Dios Scottsdale Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Ramon Misael Guerrero and Jane Doe Guerrero are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Ramon Misael Guerrero and Jane Doe Guerrero had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to the company's employees, Defendants Ramon Misael Guerrero and Jane Doe Guerrero are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

27. Defendants own and/or operate as Mama Por Dios, an enterprise located in Maricopa County, Arizona.

28. Plaintiff was hired by Defendants in approximately January 2022.

29. At all relevant times, Plaintiff worked for Defendants through approximately early March 2022.

30. Defendants terminated Plaintiff's employment on or about July 26, 2022.

31. At all relevant times, in his work for Defendants, Plaintiff worked as a bartender for Defendants.

32. Defendants, in their sole discretion, paid Plaintiff an hourly rate of less than the minimum wage on account of his receipt of tips.

33. Plaintiff, in his work for Defendants, was generally scheduled to, and did, work approximately 35 hours per week.

34. Defendants classified Plaintiff as W-2 employee.

35. At all relevant times, Defendants paid Plaintiff on a bi-weekly basis.

36. In his final four workweeks with Defendants, Plaintiff worked approximately 120-140 hours.

37. Defendants did not compensate Plaintiff any wage whatsoever for such time worked.

38. Near the end of his employment, Plaintiff was not receiving the hourly wages he had earned, and he inquired with Defendants regarding when he could expect his paycheck.

39. In response, Defendants continued to say that they would pay him "next Friday."

40. Defendants never paid Plaintiff the wages due and owing to him, so, on or about March 4, 2022, he informed Defendants that he would not show back up to work unless and until they paid him the wages he was owed.

41. On or about that same day, Defendants fired Plaintiff and never paid him the wages he was owed.

42. Defendants failed to compensate Plaintiff any wages whatsoever for the approximately final four workweeks of his employment with Defendants.

43. Therefore, for the final four workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

44. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

45. As a result of not having paid any wage whatsoever to Plaintiff during his final workweek with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

46. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

47. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

48. Plaintiff was a non-exempt employee.

49. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

50. Plaintiff is a covered employee within the meaning of the FLSA.

51. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

52. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. As a result of not paying Plaintiff any wage whatsoever for the final four workweeks of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

57. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

58. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Leobardo Ortega, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT
FAILURE TO PAY MINIMUM WAGE**

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. As a result of not paying Plaintiff any wage whatsoever for the final four workweeks of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

61. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

62. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Leobardo Ortega, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 14th day of September, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Leobardo Ortega, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Leobardo Ortega (Sep 14, 2022 15:21 PDT)
Leobardo Ortega

# ORTEGA; COMPLAINT DRAFT 1 (TO CLIENT); 9-14-22

Final Audit Report 2022-09-14

| | |
|---|---|
| Created: | 2022-09-14 |
| By: | Clifford Bendau (cliffordbendau@bendaulaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAUnFJGDXB7HpcqHh_7-1VLsRO0KtaBqYY |

## "ORTEGA; COMPLAINT DRAFT 1 (TO CLIENT); 9-14-22" History

- Document created by Clifford Bendau (cliffordbendau@bendaulaw.com)
  2022-09-14 - 10:12:40 PM GMT- IP address: 72.208.145.31

- Document emailed to leoortega3377@gmail.com for signature
  2022-09-14 - 10:13:04 PM GMT

- Email viewed by leoortega3377@gmail.com
  2022-09-14 - 10:17:25 PM GMT- IP address: 66.249.84.93

- Signer leoortega3377@gmail.com entered name at signing as Leobardo Ortega
  2022-09-14 - 10:21:47 PM GMT- IP address: 172.56.81.255

- Document e-signed by Leobardo Ortega (leoortega3377@gmail.com)
  Signature Date: 2022-09-14 - 10:21:49 PM GMT - Time Source: server- IP address: 172.56.81.255

- Agreement completed.
  2022-09-14 - 10:21:49 PM GMT

Adobe Acrobat Sign